Argued May 16, reversed May 26, 1972

STATE OF OREGON, *Respondent, v.* ROBERT BRONNER HUGHES (No. 71-2317), *Appellant.*

497 P2d 686

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

LANGTRY, J.

Defendant appeals from conviction by the court of "convicted person in possession of a concealable

firearm." ORS 166.270. The only question involves sufficiency of the evidence.

Testimony was that defendant, who had formerly been convicted of obtaining money by false pretenses, approached a salesman, Brooks, in a surplus goods store in Eugene seeking to purchase a revolver. He selected a .38 caliber revolver, and Brooks filled in for defendant the answers to questions in state and federal gun purchase forms which he read to defendant as he obtained the answers. Defendant signed both forms when they were completed. Brooks made out a sales slip, placed the gun and ammunition which defendant requested in a paper sack and took all items to the cashier, accompanied by defendant. Brooks returned to the gun department of the store without seeing whether defendant completed the purchase or took possession of the weapon. Brooks did not again see the revolver in the store. The two forms were received in evidence, but no sales slip or other evidence of a completed sale was offered. The gun, identified by Brooks, was in evidence but no one testified that it had ever been in defendant's physical possession, and no attempt was made to prove constructive possession. There was no other evidence of ownership or possession.

ORS 166.270 provides:

"* * * any person who has been convicted * * * who owns, or has in his possession or under his custody or control any * * * revolver * * *"

is guilty of the crime.

Here there is no actual evidence of ownership, possession, custody or control. Can any one of these be inferred under rules applying to criminal evidence from the uncontroverted facts that defendant showed

intent to purchase and possess, had the immediate opportunity to do so, and that the gun clerk did not again see the revolver in the store? We think not. Reasonable doubt must arise in the mind of a rational person when it is considered that if a sale were completed a cash register receipt or a copy of the executed sales slip or testimony of the cashier must have been available. The same doubts arise when we consider that the revolver was produced by policemen but no one testified the gun was taken from or at any time had been in defendant's possession or control. The cashier who completed the sale or the person who recovered the weapon, one or the other, should have been available to testify.

ORS 17.250 (6) and (7) provide:

"(6) * * * evidence is to be estimated, not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; and, therefore,

"(7) That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust."

The state offered no reason for not producing stronger or more satisfactory evidence.

This statute defines a court instruction for juries, but nevertheless its substance should be considered by any fact trier.

We think there was no satisfactory evidence of ownership, possession or control.

Reversed.